UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| ANTHONY J. BRODZKI,<br><br>    Plaintiff,<br><br>v.<br><br>THE CHIEF STATE PATROL OF<br>MINNESOTA VIA THE STATE OF<br>MINNESOTA ATTORNEY GENERAL,<br><br>    Defendant. | Civil No. 11-927 (DSD/SER)<br><br>**REPORT AND<br>RECOMMENDATION** |

This matter is before the undersigned United States Magistrate Judge on the application of Plaintiff Anthony J. Brodzki for leave to proceed *in forma pauperis*, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1).  (Docket No. 2.)  The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

An IFP application will be denied, and the action will be dismissed, when the plaintiff has filed a complaint that fails to state a claim on which relief can be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (*per curiam*).

To state an actionable claim for relief, a plaintiff must allege a set of specific historical facts, which, if proven true, would entitle the plaintiff to some redress against the named defendant(s) under some cognizable legal theory.  *See Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view *pro se* pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law").  "While

legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). The facts supporting a plaintiff's claims must be clearly alleged. Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004).

In this case, Plaintiff is attempting to sue the "Chief of Minnesota State Patrol." He alleges that –

> "The chief of the state patrol, and his officers, in 2008, while traveling through Minnesota, redirected me many times to leave the state. They used dispatch equipment transmitted through close squad car, and when stationed at your Minnesota rest areas to batter and hurt me with sound, they also called me on my neuro-cellphone and ask me to leave the state many times. They said that I was an undocumented pedophile from the past."

(Complaint, [Docket No. 1], Attachment, ¶ 1.)

Based on these allegations alone,[1] Plaintiff is attempting to sue the named Defendant for allegedly violating his federal constitutional rights under First, Fourth, Ninth, and Fourteenth Amendments. (Id.) Plaintiff is also attempting to bring common law tort claims against the named Defendant for battery and "emotional infliction of distress." (Id.) Plaintiff is seeking a judgment against the named Defendant in the amount of $5,000,000.00, as well as an injunction "to stop all future harrassment [sic], mind in body." (Complaint, p. 4, "Request for Relief.")

Plaintiff's current complaint is plainly inadequate, because it does not present a clear, comprehendible and credible description of specific acts or omissions by the named Defendant.

---

[1] The complaint includes several additional sentences describing various matters that allegedly occurred in Illinois, but those sentences do not mention the named Defendant, and they do not provide any discernible support for any claim against the named Defendant, (or anyone else).

2

Plaintiff has presented only vague and conclusory allegations; he has not presented an intelligible description of any **specific historical events**, showing what the named Defendant actually did, or failed to do, that has caused him to be sued.

A complaint fails to state a cause of action if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plaintiff's current complaint does not meet this standard. Thus, the Court finds that Plaintiff's complaint fails to state a cause of action on which relief can be granted.

Because Plaintiff has not pleaded an actionable claim for relief, the Court recommends that his IFP application be denied, and that this action be summarily dismissed, pursuant to § 1915(e)(2)(B)(ii).

## III. RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed *in forma pauperis*, (Docket No. 2), be **DENIED**; and

2. This action be summarily **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: April 18, 2011

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　*s/Steven E. Rau*

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　STEVEN E. RAU
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by May 2, 2011, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. A judge shall make a de novo determination of those portions to which

objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.