UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 11-927(DSD/SER)

Anthony Brodzki,

        Plaintiff,

v.                                         **ORDER**

State of Minnesota, Chief
of the State Patrol,

        Defendant.

This matter is before the court upon the motion to proceed in forma pauperis by pro se plaintiff Anthony J. Brodzki. Plaintiff began the present 42 U.S.C. § 1983 action on April 14, 2011.[1] United States Magistrate Judge Steven E. Rau issued a report and recommendation, in which he recommends denial of the motion and summary dismissal of this action. Plaintiff responded by filing an amended complaint.

The court must dismiss an action that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2). The present amended complaint is substantially similar to the original complaint,[2] except that it adds two pages of information about

---

[1] According to PACER, the present action is one of at least 94 cases that plaintiff has filed in the last two years in the district and appellate courts throughout the United States, including this district. See Brodzki v. State of Minn., No. 11-624 (D. Minn. Mar. 11, 2011) (dismissed April 6, 2011).

[2] As a result, the reasoning of the report and recommendation is relevant, and the court adopts the report and recommendation following de novo review. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ.
                                                                   (continued...)

alleged rapes in 1968 by members of the Chicago Police Department. Like the complaint, the amended complaint consists of largely incomprehensible allegations, such as the Minnesota State Patrol[3] "would use dispatch equipment and produce stings and pings from squad cars and belt equipment by using noise generated from their Motorola car radios to squall me out of the state" and "[t]hey use the police disorientation standard issue equipment." Am. Compl., ECF No. 7, at 6.  In short, the amended complaint fails to provide a statement of facts from which the court could plausibly infer that defendant is liable to plaintiff.  Therefore, the amended complaint fails to state a claim, and dismissal is warranted.

Accordingly, **IT IS HEREBY ORDERED** that:

1.  The report and recommendation [ECF No. 3] is adopted in full;

2.  This action is summarily dismissed; and

---

[2](...continued)
P. 72(b)(3); D. Minn. LR 72.2(b).

[3] The court notes that plaintiff seems to allege contact with both the Arizona and Minnesota State Patrol on August 1 and 5, 2008.  Compare Amended Complaint at ¶ 3C–D, Brodzki v. State of Ariz., State Patrol, No. 11-00477 (D. Ariz. Apr. 19, 2011) with Amended Complaint at 6, Brodzki v. State of Minn. State Patrol, No. 11-cv-927 (D. Minn. Apr. 25, 2011).

3.   The application to proceed in forma pauperis [ECF No. 2] is denied.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  May 9, 2011

                                              s/David S. Doty
                                              David S. Doty, Judge
                                              United States District Court